Robinson, J.
 

 The courts below seem to have determined that where a borrower capable of binding himself by contract, borrows money of another, capable of binding himself by contract, and the debtor agrees to repay upon the sale of certain property, and the lender agrees to await repayment until the sale of such property, the obligation to repay matures within a reasonable time, as a matter of law, in all cases, regardless of the failure of the owner of such property to make sale within such time, and, in deciding the instant case, the courts below cited as authority for their judgment the case of
 
 Lewis
 
 v.
 
 Tipton,
 
 10 Ohio St., 88,
 
 *423
 
 75 Am. Dec., 498, the case of
 
 Wright
 
 v.
 
 Hull,
 
 83 Ohio St., 385, 94 N. E., 813, and various cases from other jurisdictions.
 

 We are of opinion, however, that the courts below failed to apply to the instant case the theory upon which all such cases are based. All such cases are, and necessarily must be, bottomed upon the theory, whether they say so or not, that the contract as expressed carried an implied provision that, if the event, upon the happening of which the cause of action would accrue, should not occur within a reasonable time, the action would accrue within a reasonable time without the happening of the event. It is only by a construction of the contract according to the intention of the parties at the date of its execution that it was to mature within a reasonable time, and from such intention determining that such provision was implied in the contract, that any departure from the expressed terms of the contract can be justified, or that the court so holding can avoid placing itself in the position of making a contract for the parties which they, in fact, did not make or intend to make for themselves.
 

 Where, therefore, the facts and circumstances at the time of the execution of the contract are such as to preclude any implication that the full terms of the contract were not expressed, there is no room for a court to find that, notwithstanding the expressed agreement, the parties intended to make a proviso thereto and therefore such proviso will be implied. In the instant case the evidence tends to show that the agreement and the various transactions with reference thereto were in the nature
 
 *424
 
 of a family affair; that the agreement was entered into, and the sums of money were loaned or advanced, and the transfer and retransfer of the property were made for the purpose of relieving the defendant’s decedent from the financial burdens incident to her ownership of the property; that, while the plaintiff expected the sums loaned and advanced to be repaid some day, she knew that the decedent was without means or expectation of means to repay, except out of the proceeds of a sale of the property; that the major purpose of both of the parties to the transaction was to aid and benefit the decedent; and, that that purpose should not be defeated by the maturity of the obligation at a time when the decedent would not have the means to repay, it was agreed that the obligation would not mature until the happening of the event which would enable the decedent to repay.
 

 The parties having contracted with reference to a lawful subject, in a lawful manner, for the accomplishment of a lawful purpose, under circumstances which tend to preclude the inference that they intended the terms of the contract to be other than expressed by them, it is not within the province of a court to imply in such contract terms or conditions which would defeat the manifest purpose and intention of the contracting parties. Therefore the courts below were in error in implying as a matter of law a term in the contract inconsistent with the moving, major purpose of the parties thereto.
 

 Judgment reversed.
 

 Marshall, C. J., Allen, Kinkade and Matthias, JJ., concur.