**WM. J. VAN AKEN ORGANIZATION INC., Plaintiff-Appellee, v. ZACK, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 19400.    Decided Jan. 24, 1944.

470

Pelton & Wilson, Cleveland, for plaintiff-appellee.

Krause, Metzner & Themann, Cleveland, Levin & Levin, Cleveland, Carvett & Dill, Cleveland, for defendant-appellant.

ROSS P. J., HILDEBRANT J., MATTHEWS J., of the First District, sitting by designation in the Eighth Appellate District of Ohio.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment rendered by the Municipal Court of Cleveland for the plaintiff for compensation for services rendered as a broker in effecting the sale of a fabricating steel plant to the defendant. While the petition does not disclose that the contract sued upon had been integrated into written document, the evidence clearly proves that it had been, and plaintiff's counsel admit in their brief that fact.

The essential portion of this writing duly signed by both parties is as follows:

"In accordance with our agreement yesterday with reference to the sale of the W. H. Davey Steel Company plant in Cleveland, Ohio, as outlined in the agreement dated yesterday between Mr. William H. Davey and me, I agree that when I have completed the organization of the contemplated corporation to operate the plant, to deliver or cause to be delivered to

you a commission for your services in connection with the deal, represented by securities to be issued by the corporation of the par value of Two Thousand Five Hundred ($2,500.00) Dollars. If more than one class of securities is issued by the corporation you may have your option as to the particular class of securities you desire to be delivered to you.

Will you please indicate your acceptance of this agreement by signing the duplicate copy of this letter and returning same to me."

As indicated in this quotation, the sale by which the commission was earned was entered into the day before the written agreement between the plaintiff and the defendant was prepared. The plaintiff was represented by one Cannon in all the negotiations leading up to the sale of this plant and the agreement sued upon. He testified that at the meeting at which the defendant and his principal, The W. H. Davey Steel Company, agreed on terms of sale of the plant, there was discussion concerning the plaintiff's commission, that his principal did not want to pay the whole commission in view of the reduced price which was offered and that he insisted that the defendant should pay some part and that the defendant finally said:

"Well, all right, if you feel that way about it. Mr. Davey, I will pay part of the commission, but I will pay it in the form of stock of the corporation organized to operate the property."

In the written agreement between the defendant and The W. H. Davey Steel Company, there is incorporated a provision, whereby the latter agreed to pay the plaintiff $10,000.00 as commission for effecting the sale, followed by these words:

"And Zack agrees to pay said brokers the sum of——— Dollars ($   ) which payment shall be in full of any and all obligations to said brokers of the parties to this agreement."

but before the parties signed this part "and Zack agrees to pay said brokers the sum of———Dollars" was cancelled. The plaintiff signed a statement following the signatures of the parties approving the arrangement as to its commission in full of its services.

It was understood between them that whatever agree-

ment had been reached orally would be reduced to writing and it was in accordance with that understanding that the defendant prepared this written contract, signed it in duplicate, sent both to the plaintiff with the request that it sign them, retain one and return the other to him, which the plaintiff did.

There can, therefore, be no doubt that this written document embodies the terms of the only contract entered into by the parties. Whatever preceded was negotiation only. After negotiating, the parties parted with the understanding that a memorial of this agreement would be prepared and signed. It was prepared and signed and constitutes the deliberate integration of their agreement. It supersedes all prior negotiations and its terms cannot be varied by anything that went before.

No corporation was organized to operate the plant. Much of the equipment was sold and would have to be replaced before the plant could be operated. There is no evidence from which a reasonable inference could be drawn that there was no intention to operate it when the contract was made or that if conditions changed it would not be operated.

The vital question presented by this record is whether the plaintiff proved a breach of this contract. The answer depends on the proper construction of the written memorial of the contract in the light of the surrounding circumstances.

It is clear that the language does not express a promise to pay money. It is a promise to deliver securities of a corporation not then in existence, which was in the contemplation of the promisor at the time, but which had not been brought into existence at the time of trial.

Now did the defendant's promise import a promise to bring the corporation into existence and to provide for securities issued by it which would be available to him for delivery to the plaintiff?

Sec. 257 of the Restatement of the Law of Contracts is:

"Failure of a condition to exist or to occur even though the condition is some performance by a party to the contract, is not a breach of contractual duty by him unless he has made an enforceable promise that the condition exists or shall occur. Whether he has done so is a question of interpretation."

In interpreting the contract before us, we must keep in

mind that the plaintiff was the vendor's agent in negotiating the sale of the steel plant—not the defendant's agent—and that the defendant was under no prior obligation to the plaintiff to pay any part of his commission and expressly refused to incur any obligation to pay money. Whatever obligation exists was brought into being by this written contract. His sole obligation as expressed is to deliver securities "when I have completed the organization of the contemplated corporation." And the controlling words in this clause are "when" and "contemplated."

Now, to contemplate, means to expect or intend and not to promise. Read v Fox, 104 N. Y. Supp. 251, at page 253.

In Newsome v Brown, 157 S. W. (Texas) 203, it appeared that the plaintiff employed the defendant to haul logs to his mill so long as he retained it and it remained at its present site and the contract provided further that:

"The said Brown contemplates moving his said mill from the present site as soon as the timber has been cut adjacent to the mill where now situated to another site, on or near timber purchased from A. A. Mattox et al., and is to give hauling of the saw timber at the new mill site to the said Newsome upon the following terms:"

In an action by the plaintiff for breach of contract the defendant claimed the contract bound the plaintiff to move the mill, but the court held to the contrary, saying:

"The language used by the parties to wit, 'the said Brown contemplates moving his said mill * * * and is to give hauling of saw timber at the new mill site to the said Newsome upon the following terms * * *' etc., plainly did not mean that appellee had determined and thereby bound himself to move the mill, but meant that he was considering the matter of moving it, and, if he determined to and did move it, was to become bound to give hauling of saw timber to the appellant. It is insisted that the word 'contemplate' in its ordinary sense means, among other things, 'to propose' and that, giving the word that meaning, the language used by the parties bound the appellee to move the mill. It is true that 'contemplate' means 'to propose' but it means 'to propose' in the sense of 'intend' Had it been used in that sense instead of the word 'contemplate' the construction which should have been given to the contract would not be different from that given it by the trial court."

In Webster's New International Dictionary "contemplate" is defined as follows:

"To view or consider with continued attention; to regard thoughtfully; to meditate on; to study."

The author gives other variants, but in none of them in found the element of commitment.

This subject is discussed in 12 American Jurisprudence page 856, where it is said:

"Where an instrument purports to be payable upon the happening of a certain event, the question which must precede any inquiry as to the time of payment, assuming that the event has not happened, is whether the instrument imports an absolute liability. If the event is one that is certain to happen, the mere promise to pay may import such an absolute liability. If, however, the event is one wholly or partially within the promisor's control, and therefore not certain to happen, the absolute character of the Liability cannot be inferred from the mere promise, but must be sought in the other terms of the instrument or in extrinsic circumstances. Thus, the mere fact that the party promised to pay a certain amount when he sold a piece of land is not conclusive of the fact that there was an absolute liability. The same language used under different circumstances means different things. The real significance of the provisions that the instrument is payable upon the happening of an event that is wholly or partially within the control of the promisor is apparent after it has been determined whether the debt is an absolute one. If the instrument, read in the light of the surrounding circumstances, shows that the debt is an absolute one, it is reasonable to suppose that the parties intended that a reasonable effort should be made to cause the event to happen within a reasonable time."

For an application of these principles, see: **National Pumps Inc. v American Pumps Inc. 138 Oh St 311.**

As already pointed out, the contract we are construing is not a memorial of a pre-existing obligation. If an obligation exists, it arises by virtue of the written document itself, and is, therefore, limited by it because the parties so agreed. It is not a case in which we are considering language to de-

termine whether the time has arrived for performance of an absolute obligation, as was the case in **Link v Hill, 117 Ohio State 421**, where, notwithstanding the existence of an admitted debt, which made it weaker than the case before us, the Court held that it had not matured, because the parties had contracted that it should be paid upon the sale of certain property by the debtor.

The formation of the corporation to operate the plant, and the issuance of securities by it, was not something which could be brought into existence by the mere exercise of the defendant's will. It required the doing of many things, some or all of which may have been beyond the power of the defendant. At best, bringing that to pass which was in contemplation at the time the contract was made was only in the partial control of the defendant. The language contains no assertion of complete control or a guaranty or promise that the things contemplated would be brought to pass. On the contrary, the language is that of condition. The obligation was to arise when they happened. In 3 Williston on Contract (Willston and Thompson Edition) at 1927, it is said:

"A great variety of words are now regarded as equally fit for the creation of a condition. Not only those mentioned above, but such words as 'when' 'while' 'after' or 'as soon as' clearly indicate that the promise is not to be performed except upon a condition."

For these reasons, and on these authorities, we are of the opinion that the defendant's obligation was conditional on the formation of a corporation to operate the plant and that as it is admitted that no corporation was organized, an essential element of the plaintiff's cause of action was not proven.

The court erred in overruling the defendant's motion for judgment. Having reached this conclusion we find it unnecessary to pass upon the errors assigned.

The judgment is reversed and as it affirmatively appears that final judgment should have been renderd for the defendant, that judgment may be entered in this court and the cause remanded for execution.

ROSS, P. J., & HILDEBRANT, J., concur.